**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **PLANNED PARENTHOOD** : | |
| **SOUTHWEST OHIO REGION,** *et al.,* : | |
| : | |
| Plaintiffs, : | Case No. 1:19-cv-00118 |
| : | |
| v. : | JUDGE MICHAEL R. BARRETT |
| : | |
| **OHIO ATTORNEY GENERAL** : | |
| **DAVID YOST,** *et al.,* : | |
| : | |
| Defendants. : | |

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Pursuant to Fed. R. Civ. P. 59(e), Defendant Attorney General Yost respectfully asks this Court to reconsider its order granting a temporary restraining order and holding in abeyance Plaintiffs' motion for a preliminary injunction until the Court holds an evidentiary hearing. The Court's order rightly reflects that the Plaintiff abortion clinics ("Clinics") did *not* meet their burden of persuasion for a preliminary injunction, as they did not produce an adequate factual record. The Clinics chose to wait as long as they did and chose to offer a limited record. They fell short of the mark, so the answer is to deny their motion for a preliminary injunction—not to give them another bite at the apple with instructions to build a better record.

The Court's March 21 order shows the shortcomings of the current record. The Court, as it knows, entered a limited temporary restraining order against enforcement of Ohio's fetal-demise statute, but it held in abeyance ruling on the Clinics' motion for a preliminary injunction, specifically because a preliminary injunction is not currently justified. The Court

noted that the case's "legal and factual complexity" meant that the current record was not enough to reach a preliminary-injunction decision without an evidentiary hearing. Doc. 30 at 2. As to the likelihood of success, the Court's descriptions all confirm that the Clinics came up short. The Court noted that it was not in a position to offer findings of fact based on the current record. *Id.* at 4. And the Court further noted "conflicting medical declarations regarding the safety and efficacy of demise procedures at issue," and that the parties "dispute the percentage of woman affected." *Id.* at 8. Thus, the Clinics have *not* shown a likelihood of success, just issues that *might* show likelihood *if* they added more facts.

The preliminary-injunction standard requires a plaintiff to meet its burden, not just identify areas that are uncertain, and precedent confirms that. The Supreme Court has held that "a preliminary injunction is an extraordinary and drastic remedy, one that *should not be granted* unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (first emphasis added); *see also Kessler v. Hrivnak*, S.D. Ohio No. 3:11-cv-35, 2011 U.S. Dist. LEXIS 57689, at *8-10 (May 31, 2011) (applying the same standard to requests for temporary restraining orders). That burden to produce "substantial proof" is higher than that required for summary judgment. *Mazurek*, 520 U.S. at 972. Indeed, the Court in *Mazurek* expressly rejected a lower standard of "fair chance of success on the merits," *id.* at 971, which is akin to giving the Clinics another attempt to prove the requirements for a preliminary injunction.

The Clinics here had their shot, and they missed. The Court should not give them another shot merely because they misjudged and ran out the clock. After all, the Clinics had 90 days after the Governor signed the bill into law, and they took 55 days before filing. When they did, they did not ask this Court to set an evidentiary hearing in 30 days and spend the month

preparing witnesses for testimony. They told the Court that affidavits would be enough. They were wrong. The Court's order says as much. The Clinics knew their legal burden, and they had time. Under the legal standard, as confirmed by *Mazurek*, the Court should deny the Clinics' motion for a preliminary injunction.

Accordingly, Attorney General Yost respectfully asks that this Court reconsider its order granting a temporary restraining order and holding the preliminary injunction motion in abeyance. The Court should instead deny the Clinics' motion for a preliminary injunction, for the simple reason that they failed to meet their burdens of proof and persuasion. The Court should also vacate the temporary restraining order, to the extent it was based largely on creating time for another bite at a preliminary injunction.

DAVID YOST
Ohio Attorney General

*s/ Tiffany L. Carwile*
TIFFANY L. CARWILE (0082522)
DANIEL R. FORSYTHE (0081391) *
   *Lead and Trial Attorney*
ANN YACKSHAW (0090623)
Assistant Attorneys General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872; Fax: (614) 728-7592
tiffany.carwile@ohioattorneygeneral.gov
daniel.forsythe@ohioattorneygeneral.gov
ann.yackshaw@ohioattorneygeneral.gov

*Counsel for Defendant*
*Attorney General David Yost*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on March 22, 2019, and served upon all parties of record via the court's electronic filing system.

*s/ Tiffany L. Carwile*
TIFFANY L. CARWILE (0082522)
Assistant Attorney General