IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTHWEST OHIO REGION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID YOST, in his official capacity as Attorney General of the State of Ohio, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00118 <br><br> JUDGE MICHAEL R. BARRETT |

**OPPOSITION TO**
**DEFENDANT'S MOTION FOR RECONSIDERATION**

  The State's motion for reconsideration is an improper attempt to obtain relief the Court has already determined is not warranted—outright denial of a preliminary injunction.  Because the motion (1) fundamentally misapprehends the Court's well-established authority to grant a temporary restraining order (TRO) pending an evidentiary hearing on a preliminary injunction; (2) inaccurately characterizes the Court's order and the state of the factual record; and (3) impermissibly raises a new, and in any event meritless, argument regarding the timing of the filing of this action, it should be denied.

**ARGUMENT**

  Exhibiting a brazen disrespect for this Court's TRO, the State suggests that the Court should have denied Plaintiffs' requested preliminary injunction outright because of a supposed

failure of proof. This is nothing more than a rehash of the arguments the State has already pressed, *see generally*, *e.g.*, ECF No. 25 (Opp.) at 12-33, and is not a proper basis upon which to seek reconsideration. Indeed, motions for reconsideration are generally disfavored "because they consume a court's scarce time for attention to a matter that has already been decided." *In re Ohio Execution Protocol Litig.*, No. 2:11-CV-1016, 2019 WL 275646, at *2 (S.D. Ohio Jan. 22, 2019); *see McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (motions to reconsider are "extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged" (quotation omitted)).

Reconsideration is warranted only where the moving party can establish: (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or to prevent manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (considering interlocutory order). Since the State offers nothing (nor could it) by way of a change in the controlling law or newly discovered evidence, by default the Court is left to assume the motion is made on the assumption there was clear error. The State can demonstrate no such clear error here.

**I.    The State Cannot Establish That It Was Clear Error To Grant A TRO Pending An Evidentiary Hearing**

The State argues that the Court somehow lacked authority to grant a *temporary restraining order* because it had not yet made factual findings sufficient to grant a *preliminary injunction*. This argument ignores the fundamental difference between these two remedies.

A TRO serves an entirely different purpose than a preliminary injunction, in that the TRO "is meant to preserve the status quo until a court can make a reasoned resolution of a dispute." *Black v. Cincinnati Fin. Corp.*, No. 1:11-CV-210, 2011 WL 1640962, at *1 (S.D. Ohio May 2, 2011) (TROs "are of a short duration and usually terminate with a ruling on a preliminary

injunction") (citing *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 226 (6th Cir. 1996)). Where a court determines, as the Court did here, that a full review of the facts and legal argument is required before entry of an injunction, a TRO provides the mechanism for preserving the status quo pending an expedited hearing.

For this reason, courts routinely grant TROs to preserve the status quo and defer findings on a preliminary injunction until an evidentiary hearing is held—the exact approach followed by the Court here (ECF No. 30 (Order) at 9-11). *See, e.g.*, *Warren v. City of Athens*, 411 F.3d 697, 704 (6th Cir. 2005) (district court granted a TRO then issued a preliminary injunction only after an evidentiary hearing); *Sec'y of Labor, U.S. Dep't of Labor v. 3Re.com, Inc.*, 317 F.3d 534, 536 (6th Cir. 2003) (same); *Miller v. Blackwell*, 348 F. Supp. 2d 916, 919–20 (S.D. Ohio 2004) (same).[1]

The Court has simply followed the typical progression of granting a TRO to preserve the status quo prior to holding an evidentiary hearing. Plaintiffs specifically moved the Court for a TRO in the event the Court could not enter the Preliminary Injunction before S.B. 145 took effect. ECF No. 4 (Pls.' Mot.) at i ("Should the Court be unable to enter the requested preliminary injunction before the Act takes effect, Plaintiffs respectfully request the Court enter a temporary restraining order."). Though neither the State nor Plaintiffs requested an evidentiary hearing, the Court disagreed. This scenario is a far cry from the State's professed concern that Plaintiffs are being allowed "another bite at the apple." ECF No. 31 (Def.'s Mot. for Recons.) at 1.

---

[1] The State also cannot claim to be harmed by the narrow TRO the Court issued, which contemplates an expedited hearing process. *See* Order at 11 (granting TRO for 14 days). Plaintiffs have already proposed dates for this hearing before the TRO will expire to the Court's courtroom clerk.

### II. The State Cannot Establish Legal Error Based On Its Mischaracterizations Of The Court's TRO

The State's contention that the Court's TRO implicitly found that Plaintiffs failed to meet their burden of persuasion for a preliminary injunction, *see id.*, also provides no basis to reconsider the Court's order.

The State's argument inaccurately characterizes this Court's order, which explicitly declined to find that Plaintiffs did not meet their burden of persuasion on their preliminary injunction motion. The Court stated in no uncertain terms that "it will not entertain the request for a preliminary injunction without an evidentiary hearing," Order at 2, and that "[w]ithout an evidentiary hearing, the Court is not yet in a position to offer findings of fact" or to "offer an exhaustive analysis of the Parties' respective positions," *id.* at 4. The State's argument that the Court preordained its findings on the preliminary injunction lacks any basis in the text of the Order. What the Court *did* find is that "[a]t this early stage, . . . Plaintiffs have offered sufficient facts and legal authority to carry their burden" on the likelihood of success on the merits for a TRO, *id.* at 8, and that "the Court is satisfied that the public interest will be served by a narrowly tailored [TRO]," *id.* at 9.

*Mazurek v. Armstrong*, 520 U.S. 968 (1997), cited by the State in support of its argument that Plaintiffs must make a "clear showing" that a preliminary injunction is appropriate, *see* Def.'s Mot. for Recons. at 2, does not support their argument. In *Mazurek*, the Supreme Court merely held that the moving party must satisfy the burden of persuasion—which is a "likelihood of prevailing," 520 U.S. at 970—by a "clear showing" in order to obtain a preliminary injunction, *id.* at 972. Because this Court has not granted a preliminary injunction, *Mazurek* is of little applicability here. But even if *Mazurek* squarely applied, it would not assist the State— unlike here, the plaintiffs in *Mazurek* had not shown a likelihood of prevailing on their claim

4

because the Court could not find "any evidence" to support the claim. *Id*. at 972. By contrast, the Court here found that Plaintiffs offered sufficient facts and legal authority to support a likelihood of success on the merits for the purposes of a TRO by reference to substantial evidence in the record. *See* Order at 4-8.

### III. The State's Delay Argument Is Both Waived And Baseless

The State's final argument in support of reconsideration suggests, for the first time, that Plaintiffs somehow unduly delayed the Court's consideration of this issue. *See* Def.'s Mot. for Recons. at 2-3. Having failed to raise any argument about the timing of this filing in opposition to Plaintiffs' motion or at the hearing, this argument cannot form a basis for reconsideration. *See Playa Marel, P.M., S.A. v. LKS Acquisitions, Inc.*, No. C-3-06-366, 2007 WL 3342439, at *2 (S.D. Ohio Nov. 6, 2007) (reconsideration is not justified "where the motion for reconsideration . . . proffers new arguments that could, with due diligence, have been discovered and offered during the initial consideration of the issue").

Moreover, even if this argument could be considered on reconsideration (and it cannot), Plaintiffs filed their motion within a reasonable time period. Plaintiffs' February 14, 2019 filing, less than eight weeks after the law was signed, and more than five weeks before the law's effective date of March 22, 2019, was not unreasonable given the time required for Plaintiffs' "good faith efforts to investigate the facts and the law." [2] *W. Alabama Women's Ctr. v. Williamson,* 120 F. Supp. 3d 1296, 1319 (M.D. Ala. 2015) *(quoting Marks Org., Inc. v. Joles*,

---

[2] The Court has operated on a similar timeline in other abortion regulation cases filed in this district. *See, e.g., Preterm Cleveland v. Himes*, 294 F. Supp. 3d 746, 751, 756 (Complaint and Motion for Preliminary Injunction filed on February 15, 2018, with the law set to go into effect on March 22, 2018; preliminary injunction granted on March 14, 2018).

5

784 F. Supp. 2d 322, 333 (S.D.N.Y. 2011).  Nor does the State provide any basis to suggest that it has been prejudiced by the timing of Plaintiffs' filing.[3]

In short, the State has not shown clear error in this Court's TRO.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny the State's Motion for Reconsideration.

---

[3] In *Planned Parenthood of Greater Ohio v. Hodges*, this Court held that a request for injunctive relief filed seven weeks after the Ohio Department of Health clarified the effect of a law that would terminate government funding for Planned Parenthood and two weeks before the law's effective date was timely.  *See* 188 F. Supp. 3d 684, 689-90 (S.D. Ohio 2016); *see also W. Alabama Women's Ctr*, 120 F. Supp. 3d at 1319 (filing seven weeks after law's enactment exhibited the "equitable, diligent, good-faith, vigilant conduct required of a litigant seeking equitable relief" (quoting *Arthur v. Allen*, 574 F. Supp. 2d 1252, 1256 (S.D. Ala. 2008)).  Plaintiffs' filing, less than eight weeks after the law's enactment, and over five weeks in advance of the effective date, was equally reasonable.

6

March 25, 2019

MELISSA COHEN (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
(212) 541-7800
(212) 247-6811 (fax)

RICHARD MUNIZ (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.*

Respectfully submitted,

JENNIFER L. BRANCH (OHIO BAR. NO. 0038893)
*Trial Attorney for Plaintiffs*
GERHARDSTEIN & BRANCH CO. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 42502
(513) 621-9100
(513) 345-5543 (fax)

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D., Women's Med Group Professional Corporation*

By /s/ Alan E. Schoenfeld_____
ALAN E. SCHOENFELD (*pro hac vice*)
LAURA BAKST
WILMER CUTLER PICKERING HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

FELICIA ELLSWORTH
ALLYSON SLATER
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

JENNY PELAEZ
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 1200
Los Angeles, CA 90071
(213) 443-5300

SARA SCHAUMBURG
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
(202) 663-6000

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.*

## CERTIFICATE OF SERVICE

I, Alan E. Schoenfeld, hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on March 25, 2019, and served upon all parties of record via the court's electronic filing system.

/s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD