IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION**, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> **DAVID YOST, in his official capacity as Attorney General of the State of Ohio,** *et al.*. <br><br> **Defendants.** | **Case No. 1:19-cv-00118** <br> **JUDGE MICHAEL R. BARRETT** |

## JOINT MOTION TO STAY DISCOVERY

Pursuant to Local Rule 7.3(a) and other applicable law, the parties hereby move for a stay of discovery pending the forthcoming decision of the United States Court of Appeals for the Sixth Circuit in *EMW Women's Surgical Center, et al. v. Adam Meier, et al.*, No. 19-5516.  In *EMW Women's Surgical Center*, the court will review a challenge to the constitutionality of a Kentucky law that bans dilation and evacuation abortion procedures, unless fetal demise occurs prior to the evacuation phase of the procedure.  The law at issue in Kentucky is substantially similar to Ohio Rev. Code § 2919.15.  The Sixth Circuit's ruling on critical legal issues will provide a roadmap for both the parties and the Court regarding the constitutional analysis of § 2919.15, and will affect the nature and scope of discovery and other further proceedings in this

case. A stay is therefore warranted to conserve the parties' and judicial resources and to promote judicial economy.

The Kentucky statute at issue in *EMW Women's Surgical Center, P.S.C. v. Meier* is substantially similar to the Ohio statute in the case before this Court. Like Ohio Rev. Code § 2919.15, Kentucky House Bill 454 (Kentucky H.B. 454) "prohibits the standard D&E abortion unless fetal-demise occurs before any fetal tissue is removed from the woman." 373 F. Supp. 3d 807, 813 (W.D. Ky. 2019).[1] The Commonwealth of Kentucky has asserted that the same three fetal-demise methods at issue in this case, namely digoxin injection, potassium chloride injection, and umbilical cord transaction, would enable Kentucky abortion providers to safely and reliably comply with Kentucky H.B. 454.

In reviewing the Kentucky district court's permanent facial injunction of the prohibition on performing a D&E abortion without fetal demise in *EMW Women's Surgical Center*, the Sixth Circuit will provide relevant guidance on the constitutionality of statutes proscribing D&E without fetal demise. Specifically, the Sixth Circuit is poised to clarify how multiple precedents may affect this case, including *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016), *Gonzales v. Carhart*, 550 U.S. 124 (2007), *Stenberg v. Carhart*, 530 U.S. 914, 921 (2000), and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992). The *EMW* Appellant is seeking review on many of the same issues that the Ohio Defendant raises here, including the

---

[1] "H.B. 454 states in relevant part: No person shall intentionally perform or ... attempt to perform ... an abortion on a pregnant woman that will result in the bodily dismemberment, crushing, or human vivisection of the unborn child when the probable post-fertilization age of the unborn child is eleven (11) weeks or greater, except in the case of a medical emergency. Act, § 1(2)(a)-(b). 'Bodily dismemberment, crushing, or human vivisection' is further defined by H.B.454 as any procedure in which a person, with the purpose of causing the death of an unborn child, dismembers the living unborn child and extracts portions, pieces, or limbs of the unborn child from the uterus through the use of clamps, grasping forceps, tongs, scissors, or a similar instrument that ... slices, crushes, or grasps ... any portion, piece, or limb of the unborn child's body to cut or separate the portion, piece, or limb from the body. Id. § 2(18)." *EMW Women's Surgical Ctr.*, 373 F. Supp. 3d at *812-813.

appropriate level of State discretion in legislating in areas of medical and scientific uncertainty and the evidentiary showing necessary to satisfy *Casey*'s large fraction test. *See* Civil Appeal Statement of Parties and Issues, *EMW Women's Surgical Center,* Case No. 19-5516, ECF No. 12 (6th Cir. May 29, 2019). Elaboration on the legal framework applicable to constitutional challenges to prohibitions on performing a D&E abortion without fetal demise will clarify the issues in this case, and may significantly affect the scope and nature of discovery and other proceedings.

Issuing a stay pending the Sixth Circuit's decision will therefore reduce the burden of litigation for both the parties and the Court. Because the Sixth Circuit's decision may significantly affect adjudication of the issues in this case, staying proceedings avoids expending resources on discovery that may be unnecessary or might need to be redone following the Sixth Circuit's ruling.

The Parties agree that the stay shall be partial in scope. To that end, the Parties agree to engage in discovery limited to the Requests for Production of Documents propounded by the Defendants on April 1, 2019, and any supplementation of responses by Plaintiffs to those requests. The Parties agree not to serve any additional written discovery, including but not limited to Requests for Production of Documents, Requests for Admission, or Interrogatories, during the course of the stay, except with the written agreement of the Parties. The Parties also agree that there shall be no depositions noticed during the course of the stay.

The Parties also agree that the stay may be lifted upon the agreement of both Parties, and also agree that the stay may be lifted in the following circumstances, if either Party petitions the Court and shows good cause, which either Party may oppose: (1) the Sixth Circuit has not issued a decision in *EMW Women's Surgical Center* by February 15, 2020; (2) the Supreme Court

grants cert in *EMW Women's Surgical Ctr., P.S.C. v. Meier*, 373 F. Supp. 3d 807 (W.D. Ky. 2019), *appeal filed*, No. 19-5516 (6th Cir. May 15, 2019); *West Ala. Women's Ctr. v. Williamson*, 900 F.3d 1310 (11th Cir. 2018), *petition for cert. filed*, No. 18-837 (U.S. Dec. 20, 2018); *Hopkins v. Jegley*, 267 F. Supp. 3d 1024 (E.D. Ark. 2017), *appeal filed*, No. 17-2879 (8th Cir. Aug. 28, 2017); or *Whole Woman's Health v. Paxton*, 280 F. Supp. 3d 938 (W.D. Tex. 2017), *appeal filed*, No. 17-51060 (5th Cir. Dec. 1, 2017); (3) this Court modifies the terms of the current preliminary injunction (ECF No. 49); or (4) either the Supreme Court or the Sixth Circuit issues a decision that justifies resuming the active litigation of this case.

In the interest of judicial and fiscal economy, the Parties are making a concerted effort to streamline the case and minimize costs by postponing discovery pending the Sixth Circuit's decision in *EMW Women's Surgical Center*. In support of this motion, the undersigned represent that this motion is not interposed for purposes of delay, creating undue expense, or to prejudice any party.

A proposed Order granting the requested relief is tendered contemporaneously with this motion.

| | |
|---|---|
| June 24, 2019 | Respectfully submitted, |
| | |
| DAVID YOST<br>*Ohio Attorney General* | JENNIFER L. BRANCH (OHIO BAR. NO. 0038893)<br>*Trial Attorney for Plaintiffs*<br>GERHARDSTEIN & BRANCH CO. LPA<br>441 Vine Street, Suite 3400<br>Cincinnati, OH 42502<br>(513) 621-9100<br>(513) 345-5543 (fax) |
| */s/ Tiffany L. Carwile*<br>TIFFANY L. CARWILE (0082522)<br>DANIEL R. FORSYTHE (0081391)*<br>    **Lead and Trial Attorney*<br>ANN YACKSHAW (0090623)<br>ASSISTANT ATTORNEYS GENERAL<br>CONSTITUTIONAL OFFICES SECTION<br>30 East Broad Street, 16th Floor<br>Columbus, Ohio 43215<br>Tel: (614) 466-2872; Fax: (614) 728-7592<br>tiffany.carwile@ohioattorneygeneral.gov<br>daniel.forsythe@ohioattorneygeneral.gov<br>ann.yackshaw@ohioattorneygeneral.gov | |
| | *Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D., Women's Med Group Professional Corporation* |
| *Counsel for Defendant*<br>*Ohio Attorney General David Yost* | By */s/ Alan E. Schoenfeld*_____<br>ALAN E. SCHOENFELD (*pro hac vice*)<br>LAURA BAKST<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>(212) 230-8800 |
| | FELICIA ELLSWORTH (*pro hac vice)*<br>ALLYSON SLATER (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000 |
| | SARA SCHAUMBURG<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>(202) 663-6000 |
| | *Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.* |
| | MELISSA COHEN (*pro hac vice*)<br>PLANNED PARENTHOOD FEDERATION OF AMERICA<br>123 William Street, Floor 9<br>New York, NY 10038<br>(212) 541-7800<br>(212) 247-6811 (fax) |

RICHARD MUNIZ (*pro hac vice*)
PLANNED PARENTHOOD FEDERATION OF AMERICA
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.*

**CERTIFICATE OF SERVICE**

    I, Alan E. Schoenfeld, hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on June 24, 2019, and served upon all parties of record via the court's electronic filing system.

                                                     /s/ Alan E. Schoenfeld

                                                     ALAN E. SCHOENFELD