**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| PLANNED PARENTHOOD SOUTHWEST OHIO REGION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID YOST, in his official capacity as Attorney General of the state of Ohio, *et al.*, <br><br> Defendants. | Case No. 1:19-cv-00118 <br><br> JUDGE MICHAEL R. BARRETT |

**PLAINTIFF PLANNED PARENTHOOD OF GREATER OHIO'S REQUEST FOR RULING ON MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE NOTICE OF MODIFICATION TO MOTION FOR RECONSIDERATION**

On May 9, 2019, Plaintiffs Planned Parenthood of Greater Ohio (PPGOH), Planned Parenthood Southwest Ohio Region (PPSWO), and Women's Medical Center (WMC) filed a Motion for Reconsideration (Motion) (ECF No. 55), asking this Court to modify its April 18, 2019 Preliminary Injunction (ECF No. 49).  In part, the Motion for Reconsideration asked the Court to broaden its Preliminary Injunction to enjoin application of Ohio Rev. Code § 2919.15 (the Act) as to PPGOH, which would have allowed PPGOH to go on performing D&E abortions up to 19.6 weeks as measured from the first day of a patient's last menstrual period ("LMP")

1

without first attempting to cause fetal demise. PPGOH respectfully requests the Court rule on the Motion.

In its Temporary Restraining Order (ECF No. 30) and later its Preliminary Injunction, the Court enjoined the application of the Act in four instances:

    a. Where a physician performs a D&E procedure before 18 weeks LMP;

    b. Where, during the course of a D&E procedure, a physician accidentally removes fetal parts when intending to comply with demise requirements;

    c. Where a physician performs a D&E procedure after an attempted demise procedure fails;

    d. Where a physician performs a D&E procedure without demise after making a medical determination that a given patient is not a candidate for a demise procedure, either because a procedure is contraindicated or medically impossible for that patient.

Importantly, the Preliminary Injunction did not enjoin the application of the Act as to all patients, nor did it allow for clinics that do not perform demise procedures, like PPGOH, to provide abortion services after 18 weeks LMP without first attempting a demise procedure. ECF No. 49.

As stated in the Motion, the Court's factual findings require a facial injunction of the Act, and at the very least, that relief to be extended to all PPGOH patients seeking a D&E, even at 18 weeks and later. As the Court found, PPGOH physicians do not attempt to cause demise using digoxin or any other means before performing a D&E procedure. ECF No. 49 (Preliminary Injunction) at 16 (digoxin); 19 (potassium chloride); 23 (umbilical cord transection). Based on the Court's factual findings as to the lack of efficacy and availability of the demise procedures

utilized by other providers (but not PPGOH), it is clear that forcing PPGOH to perform demise procedures on its patients creates an undue burden.  Motion at 9-10.

Since the Temporary Restraining Order (ECF No. 30) went into effect on March 21, 2019, PPGOH has not served patients over 17.6 weeks LMP because it did not have the ability to, nor is it medically necessary to, provide fetal demise procedures prior to a D&E.  *See* Declaration of Adarsh Krishen (Krishen Decl.) at ¶ 5.  Not providing services to patients between 17.6 weeks and 19.6 weeks LMP has put providers at PPGOH in the difficult situation of having to turn away patients who are in need of abortion services, but who are too far along gestationally for the doctors at PPGOH to serve.  *Id*. at ¶ 6.

PPGOH has determined its patient population is being harmed by not providing abortion services between 17.6 weeks LMP and 19.6 weeks LMP.  *Id*. at ¶ 7.  Because there is a real need among the patient population for this service, PPGOH is taking steps to have certain of its doctors begin attempting fetal demise using digoxin injections prior to performing D&E abortion procedures to comply with the Preliminary Injunction.  *Id*. at ¶ 8.  PPGOH continues to believe that performing digoxin injections is a medically unnecessary procedure that adds additional risk to the D&E procedure.  *Id*. at ¶ 10.  These risks were confirmed by the Court's findings in its Preliminary Injunction.  *See* ECF No. 49 at 16 ("[i]In response to questioning from the Court, the Parties' witnesses agreed that digoxin creates risks of infection and extramural delivery…"); *id*. at 17 ("Digoxin has also been shown to increase risks of digoxin toxicity, cardiac distress, rupture of membranes, damage to maternal vessels, and bleeding."); *id*. at 18 ("Digoxin also presents side effects such as nausea and vomiting and can be painful and anxiety-inducing for the patient.").  However, in spite of the risks, it is the best available option at this time to allow

3

PPGOH to provide its patients with needed abortion services while continuing to comply with the Preliminary Injunction.  Krishen Decl. at ¶ 10.

Based on the Court's findings and conclusions, PPGOH maintains that the Preliminary Injunction should be modified to facially enjoin the Act, or at the very least to additionally enjoin application of the Act as to PPGOH and would request the Court grant the Motion.  Should the Court not rule on the Motion, or should the Court not rule in PPGOH's favor, PPGOH respectfully alerts the Court that in order to meet its patients' needs, it anticipates beginning the use of digoxin injections at one of its two health centers at which abortion is provided on patients at 18.0 weeks LMP and later as of **December 15, 2019**.  To that end, to the extent the Motion remains pending after December 15, 2019, PPGOH respectfully withdraws its alternative request to enjoin the Act with respect to PPGOH patients seeking abortion at 18.0 weeks LMP and later, but nothing in this Notice modifies the request otherwise made in the Motion for Reconsideration as to the facial invalidity of the Act.

Dated: December 2, 2019

MELISSA COHEN (*pro hac vice*)
PLANNED PARENTHOOD
FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
(212) 541-7800
(212) 247-6811 (fax)

RICHARD MUNIZ (*pro hac vice*)
PLANNED PARENTHOOD
FEDERATION OF AMERICA
1110 Vermont Avenue NW, Suite 300
Washington, DC 20005
(202) 973-4800
(202) 296-3480 (fax)

Respectfully submitted,

JENNIFER L. BRANCH (OHIO BAR. NO. 0038893)
*Trial Attorney for Plaintiffs*
GERHARDSTEIN & BRANCH CO. LPA
441 Vine Street, Suite 3400
Cincinnati, OH 42502
(513) 621-9100
(513) 345-5543 (fax)

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D., Women's Med Group Professional Corporation*

By /s/ Alan E. Schoenfeld
ALAN E. SCHOENFELD (*pro hac vice*)

| | |
|---|---|
| *Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.* | WILMER CUTLER PICKERING HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street New York, NY 10007<br>(212) 230-8800<br><br>JENNY PELAEZ<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>350 South Grand Avenue, Suite 1200<br>Los Angeles, CA 90071<br>(213) 443-5300<br><br>FELICIA ELLSWORTH (*pro hac vice*)<br>ALLYSON SLATER (*pro hac vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, MA 02109<br>(617) 526-6000 |

5