**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | |
|---|---|
| Planned Parenthood Southwest Ohio Region, *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No.: 1:19-cv-00118 ) ) Judge Michael R. Barrett |
| vs. | ) ) |
| David Yost, *et al.*, each in their official capacity as well as their employees, agents, and successors, | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL RECONSIDERATION OF PRELIMINARY INJUNCTION ORDER**

This matter is before the Court on Plaintiffs' Motion for Partial Reconsideration (Doc. 55) of the Preliminary Injunction Order entered on April 18, 2019.  At that time, the Court preliminarily enjoined Defendants from prosecuting or otherwise pursuing legal action against medical professionals based on alleged violations of Ohio Rev. Code § 2919.15 (the "Act") in the following four circumstances:

1. Where a physician performs a D&E procedure before 18 weeks LMP;

2. Where, during the course of a D&E procedure, a physician accidentally removes fetal parts when intending to comply with demise requirements;

3. Where a physician performs a D&E procedure after an attempted demise procedure fails; and

4. Where a physician performs a D&E procedure without demise after making a medical determination that a given patient is not a candidate for a demise procedure, either because a procedure is contraindicated or medically impossible for that patient.

1

(Preliminary Injunction at 42–43 (Doc. 49 at PageID 928–29)). Plaintiffs' Motion asks the Court to amend the injunction in one of two ways. First, and the result they prefer, Plaintiffs ask that the Court to enjoin Defendants from enforcing the Act *in its entirety*. Second, and as an alternative, Plaintiffs ask that a fifth circumstance be added to the injunction, namely to ban enforcement of the Act in its entirety as to Plaintiff Planned Parenthood of Greater Ohio ("PPGOH"). Plaintiffs seek this expansion because physicians at PPGOH do not perform—and would require significant training to perform—any demise methods, including digoxin injections.

Plaintiffs' Motion became ripe for this Court's consideration on June 13, 2019. (*See* Doc. 56 (Plaintiffs' Notice of Supplemental Authority), 57 (Defendant Attorney General Dave Yost's Response in Opposition), and 59 (Plaintiffs' Reply Brief in Support)).[1] On June 25, 2019, the Court granted the parties' joint motion to stay discovery, with conditions, pending issuance of a decision by our parent circuit in *EMW Women's Surgical Center, P.S.C. v. Meier*, 373 F. Supp. 3d 807 (W.D. Ky. 2019)[2], *appeal docketed*, No. 19-5516 (6th Cir. May 15, 2019). (*See* Doc. 63). Then, on December 3, 2019, Plaintiff PPGOH filed a Motion for a Ruling (Doc. 66) on Plaintiffs' Motion for Partial Reconsideration, which restates Plaintiffs' position that "the Court's factual findings require a facial injunction of the Act[]" (*id.* at PageID 1680). As to their

---

[1] Plaintiffs filed a Notice of Supplemental Authority in support of their Motion for Partial Reconsideration on July 2, 2019. (Doc. 64).
[2] In *Meier*, a sister district court concluded that Kentucky House Bill 454—a statute that is materially identical to Ohio Rev. Code § 2919.05—was facially unconstitutional because it "would operate as an undue burden for a large fraction of women for whom the provision is an actual, rather than irrelevant, restriction" and permanently enjoined its enforcement. 373 F. Supp. 3d at 825, 826.

2

alternative request, however, Plaintiff PPGOH provides a date-driven "Notice" of withdrawal:

> Should the Court not rule on the Motion [for Partial Reconsideration], or should the Court not rule in PPGOH's favor, PPGOH respectfully alerts the Court that in order to meet its patients' needs, it anticipates beginning the use of digoxin injections at one of its two health centers at which abortion is provided on patents at 18.0 weeks LMP and later as of **December 15, 2019**. <u>To that end, to the extent the Motion remains pending after December 15, 2019, PPGOH respectfully withdraws its alternative request to enjoin the Act with respect to PPGOH patients seeking abortion at 18.0 weeks LMP and later</u>, but nothing in this Notice modifies the request otherwise made in the Motion for Reconsideration as to the facial invalidity of the Act.

(*Id.* at PageID 1682 (bold emphasis in original, underline emphasis added)). Because this Order issues post-December 15, 2019, at Plaintiff PPGOH's request the Court will only consider whether to preliminarily enjoin the Act in its entirety.

A court may justify reconsidering an interlocutory order when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Co. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 390 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare*, 89 F. App'x 949, 959 (6th Cir. 2004)). Plaintiffs contend that the third scenario is present here, because "the Court's own factual findings and legal conclusions warrant reconsideration of the scope of injunctive relief." (Doc. 55 at PageID 1509). Specifically, the Court's conclusion that "the Act's implicit fetal demise requirement causes an undue burden to a large fraction of women," warrants facial relief under "settled" Supreme Court law. (*Id.* at PageID 1508 (quoting Preliminary Injunction at 34 (Doc. 49 at PageID 920))). In support, Plaintiffs cite *Women's Med. Prof'l Corp. v.*

3

*Voinovich*, 130 F.3d 187, 194 (6th Cir. 1997) ("[A]n abortion law is unconstitutional on its face if 'in a large fraction of the cases in which [the law] is relevant, it will operate as a substantial obstacle to a woman's choice to undergo an abortion.'") (quoting *Planned Parenthood of Se. Pennsylvania v. Casey*, 505 U.S. 833, 895 (1992)).

Plaintiffs recognize that the Court relied on *Ayotte v. Planned Parenthood of N. New England*, 546 U.S. 320 (2006) for the proposition that a narrower remedy is permissible even if Plaintiffs showed a likelihood of success in facial relief. (Preliminary Injunction at 39–41 (Doc. 49 at PageID 925–27)). But they argue that *Ayotte* is inapposite because, there, the statute affected only a "very small percentage" of cases. *Ayotte*, 546 U.S. at 320; see *Planned Parenthood Se., Inc. v. Strange*, 172 F. Supp. 3d 1275, 1287 (M.D. Ala. 2016) ("Facial relief was inappropriate in [*Ayotte*] because the plaintiffs had shown only that the law[] at issue would create an undue burden in a 'very small' number of cases[.]").

The Court agrees with Defendant Yost that Plaintiffs' Motion offers no new argument. "Motions for reconsideration do not allow the losing party to repeat arguments previously considered and rejected, <u>or to raise new legal theories that should have been raised earlier</u>." *Owner-Operator Indep. Drivers Ass'n v. Arctic Express, Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003) (quotation and citation omitted) (emphasis added); see also *Corporate Commun. Servs. Of Dayton, LLC v. MCI Communs. Servs., Inc.*, 2010 WL 1133212, at *2 (S.D. Ohio 2010) ("[M]otions to reconsider interlocutory orders are not intended to be used to relitigate issues previously considered.") (citation omitted). Defendant Yost relied on *Ayotte* in his opposition to Plaintiffs' motion for a preliminary injunction (Doc. 25 at PageID 41), during oral argument (Doc. 36 at PageID

721–22 (56:14–57:10), and in his proposed conclusions of law (Doc. 47 at PageID 883–84 (¶¶ 134–37, 139–40)).  Hence, Plaintiffs were aware that a limited injunction had been suggested—albeit alternatively—by the state, *despite Plaintiffs' contention that the evidence supported a "large fraction" finding.*[3]  If *Ayotte* has no applicability in this circumstance, that argument should have been advanced by Plaintiffs *then*.

As the parties are aware, despite its finding that Plaintiffs are likely to prevail on their facial challenge to the statute, the Court expressed its reluctance to enter a full injunction "based on an expedited record developed without discovery."  (Preliminary Injunction at 39–40 (Doc. 49 at PageID 925–26)).  As the parties also are aware, at their request, discovery has been stayed.  This stay is tied largely, but not completely, to the Sixth Circuit's anticipated ruling in *EMW Women's Surgical Center, P.S.C. v. Meier*, *supra.*

To conclude, for the foregoing reasons Plaintiffs' Motion for Partial Reconsideration (Doc. 55) of the Preliminary Injunction Order entered on April 18, 2019 is hereby **DENIED**.  In conjunction with this ruling, the Clerk shall **TERMINATE** Plaintiff Planned Parenthood of Greater Ohio's Motion for a Ruling (Doc. 66) on the Motion for Partial Reconsideration.

**IT IS SO ORDERED.**

      /s/ *Michael R. Barrett*
      Michael R. Barrett, Judge
      United States District Court

---

[3] Of course, the Court's Temporary Restraining Order declined to enjoin Defendants from enforcing the Act in its entirety.  (*See* Temporary Restraining Order at 10–11 (Doc. 30 at PageID 636–36)).  At that time, however, the Court had not yet analyzed Plaintiffs' likelihood of success based on whether a "large fraction" on women would be unduly burdened by the Act's fetal demise requirement.  (*Id.* at 7 (Doc. 30 at PageID 632)).