**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**PLANNED PARENTHOOD SOUTHWEST**
**OHIO REGION, et al.,**                        :

                                                 :

                       **Plaintiffs,**           :        **Case No. 1:19-cv-00118**

                                                 :

       **v.**                                    :

                                                 :        **Judge Michael R. Barrett**

**ATTORNEY GENERAL OF OHIO, et al.,**            :

                                                 :

                       **Defendants.**           :

---

**DEFENDANTS' REPLY IN SUPPORT OF**
**EMERGENCY MOTION TO DISSOLVE INJUNCTION**

---

The Supreme Court today held that the Constitution confers no right to abortion. As that is the sole basis for this Court's earlier-issued injunction, the injunction is no longer justified and should be vacated immediately.

The plaintiffs respond with three arguments, but none has merit.

*First*, they say the State improperly cited Federal Rule of Civil Procedure 65(b) as the basis for its motion, as that rule applies only to temporary restraining orders. The State cited the most analogous rule—the same rule other courts have said allows the vacatur of injunctions. *See, e.g.*, *Baliga v. Link Motion*, No. 18cv11642 (VM) (DF), 2022 U.S. Dist. LEXIS 43104, at *46 (S.D.N.Y. Mar. 9, 2022). If the Court disagrees with the analogy, it can construe the motion as a request for miscellaneous relief and grant on that basis. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n.1 (6th Cir.1988); *Asamoah v. Amazon.com Servs.*, No. 2:20-cv-3305, 2022 U.S. Dist. LEXIS 44203, at *4 (S.D. Ohio, Mar. 14, 2022). To deny relief on this basis

would be to elevate form over substance.  And it would be pointless, as the State would remain free to file a new request for relief without reference to Rule 65.

*Second*, the plaintiffs claim the Court should withhold relief until the Supreme Court issues its judgment.  That argument borders on frivolous.  The Supreme Court issued its opinion and announced its judgment in *Dobbs*.  That decision binds lower courts—including this one.  While *the mandate* will not issue for 25 days, *see* Sup. Ct. Rule 45, the absence of a mandate does not negate the opinion's precedential value.  *See Teter v. Saul*, No. CV 19-1994, 2020 WL 2042370, at *1 n.2 (E.D. Pa. Apr. 28, 2020); *Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992). Because this Court's injunction is inconsistent with now-binding Supreme Court precedent, the Court should vacate the injunction.  In the exceedingly unlikely event the Supreme Court grants rehearing and changes course, *see* Response to Mot. at 2, the Court can entertain motions to re-enter the injunction again.

*Finally*, the plaintiffs say the equities militate against vacating the injunction.  That is not true.  *Dobbs* unequivocally overruled *Roe v. Wade*, returning to the States the question of whether and how to regulate abortion.  *Dobbs v. Jackson's Women's Health Org.*, No. 19-1392, slip op. 79 (June 24, 2022).  The injunction is thus restraining the State from enforcing a law that it is constitutionally entitled to enforce, causing it *per se* irreparable harm.  *See Thompson v. DeWine*, 976 F.3d 610, 619 (6th Cir. 2020) (*per curiam*) (internal quotation marks omitted; alteration accepted).  Any harm sustained by others that results from lifting an injunction to which the plaintiffs were never entitled, is not legally relevant:  legally improper actions cannot be justified on the ground that they produce supposedly "desirable" ends.  *See Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 141 S. Ct. 2485, 2490 (2021) (*per curiam*).  The equities, far from militating *against* immediate relief, require it.

Respectfully Submitted,

DAVE YOST
Ohio Attorney General

*/s/ Amanda L. Narog*

AMANDA L. NAROG (0093954)
Assistant Attorney General
30 East Broad Street, 117th Floor
Columbus, Ohio 43215
Tel: 614-995-02326 | Fax: 855-669-2155
Amanda.Narog@OhioAGO.gov

*Counsel for Defendants Ohio Department of Health, State Medical Board of Ohio, and Ohio Attorney General Dave Yost*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 24, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Amanda L. Narog*

AMANDA L. NAROG (0093954)
Assistant Attorney General