UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION,** *et al.*, | : : : : | |
| Plaintiffs, | : : | Case No. 1:19-CV-00118 Judge Michael R. Barrett |
| v. | : : : | |
| **ATTORNEY GENERAL OF OHIO,** *et al.*, | : : : | |
| Defendants. | | |

## PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE AND MEMORANDUM IN SUPPORT

### MOTION

Pursuant to Fed. R. Civ. P. 41(a)(2), Plaintiffs respectfully move this Court to dismiss this action without prejudice. As detailed below, Plaintiffs are entitled to voluntary dismissal without prejudice because Defendants will suffer no plain legal prejudice if this case is dismissed. Defendants have not expended significant effort or expense in preparation for trial; Plaintiffs have not engaged in excessive delay and have been diligent in prosecuting this action; and Plaintiffs articulate a sufficient reason for dismissing the case. Defendants oppose this Motion.

## **MEMORANDUM**

Plaintiffs ask the Court to dismiss this action without prejudice due to the impact of the United States Supreme Court's decision in *Dobbs v. Jackson Women's Health Organization* on Plaintiffs' claims. Federal Rule of Civil Procedure 41(a)(2) provides that, after the defendants have answered, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper" and that the dismissal is without prejudice unless the Court orders otherwise. Fed. R. Civ. P. 41(a)(2). Because Defendants will suffer no legal prejudice—in that Defendants have expended minimal effort in this case to date, Plaintiffs have been diligent in prosecuting this action, and Plaintiffs have articulated a sufficient reason for dismissal—a dismissal without prejudice is warranted.

## Facts and Procedural History

Plaintiffs filed this suit on February 14, 2019, challenging Ohio Rev. Code Section 2919.15 ("the D&E Ban"), which bans the safest and most common method of second-trimester abortion. The complaint raised two claims: (1) that the D&E Ban "violates the right … to liberty and privacy as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution" and (2) that the D&E Ban "violates the right … to bodily integrity as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Dkt #1, at ¶¶ 44-47. On the same date, Plaintiffs moved for a preliminary injunction and/or temporary restraining order. Dkt #4.

On March 31, 2019, the Court granted Plaintiffs' motion for a temporary restraining order and held in abeyance the portion of Plaintiffs' motion seeking a preliminary injunction. Dkt #30. Defendants moved for reconsideration. Dkt #31.[1] Following an evidentiary hearing,

---

[1] This motion for reconsideration was denied as moot on June 4, 2019.

the Court granted in part Plaintiffs' motion for a preliminary injunction on April 18, 2019. Dkt #49. The Court's order cited *Roe v. Wade*, 410 U.S. 113, 153-54 (1973), for the proposition that "[t]he law is well settled that women possess a fundamental constitutional right of access to abortions." *Id.* at 29. Defendants timely answered on April 23, 2019. Dkt #50. On May 9, 2019, Plaintiffs moved for partial reconsideration of the Court's preliminary injunction order, Dkt #55, which the Court denied, Dkt #67. On June 25, 2019, the Court granted the parties' joint motion to stay discovery pending the outcome of a similar case— *EMW Women's Surgical Center, et al. v. Adam Meier, et al.*, No. 19-5516—which was then pending before the Sixth Circuit. Dkt #63. Following the Sixth Circuit panel's resolution of *EMW*, the parties jointly moved to postpone any status conference until after Sixth Circuit's mandate issued, in view of the possibility that en banc review would be sought. Dkt #68. The Court granted that motion on June 16, 2020. Dkt #69. The parties submitted proposed pretrial schedules on September 16, 2020. Dkt #72, Dkt #73.

On June 24, 2022, the U.S. Supreme Court decided *Dobbs v. Jackson Women's Health Organization*, upholding a Mississippi law banning abortion beginning at 15 weeks and overruling *Roe v. Wade*, 410 U.S. 113 (1973), and *Planned Parenthood of Southeastern Pa. v. Casey*, 505 U.S. 833 (1992), the key Supreme Court precedents upon which Plaintiffs relied. No. 19-1392, slip. op. (U.S. June 24, 2022). On the same day, Defendants filed an emergency motion to dissolve the preliminary injunction and dismiss the case, Dkt #84, which this Court granted in part. Dkt #86 (dissolving preliminary injunction but declining to dismiss the case). On June 30, 2022, Defendants moved for judgment on the pleadings, or, in the alternative, summary judgment.[2] Dkt # 87. Because *Jackson Women's Health Organization* has effected a

---

[2] Plaintiffs will respond to Defendants' pending motion if the Court does not grant the instant motion.

sea change in the law governing this case, Plaintiffs now seek to dismiss this action without prejudice.

## Law and Argument

Because Defendants have answered the complaint, Federal Rule of Civil Procedure 41 provides that Plaintiffs may voluntarily dismiss this action "only by court order." Fed. R. Civ. P. 41(a)(2). Unless this Court states otherwise, the dismissal is without prejudice. *Id.* The decision whether to grant voluntary dismissal without prejudice lies within this Court's discretion, but such dismissal is generally denied only where the defendant would suffer "plain legal prejudice" as a result. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). In addition, although Rule 41(a)(2) is primarily intended to protect defendants, "courts should consider the equities of dismissal as applied to *all* parties." *Cogent Solutions Grp., LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *5 (S.D. Ohio Nov. 20, 2013) (citing James Wm. Moore et al., 8 *Moore's Federal Practice* § 41.40[5][A] (3d. ed 2011)) (emphasis added); *Lester v. Wow Car Co., Ltd.*, No. 2:11-CV-850, 2012 WL 1758019, at *2 (S.D. Ohio May 16, 2012) (citing Moore, *supra*).

The Sixth Circuit has identified four factors to guide this Court's discretion: "[1] defendant[s'] effort and expense of preparation for trial, [2] excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [3] insufficient explanation of the need to take a dismissal, and [4] whether a motion for summary judgment has been filed by the defendant." *Grover*, 33 F.3d at 718. "There is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate"; rather, they are "simply a guide for the trial judge." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. Appx. 498, 502 (6th Cir. 2007) (quoting *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988) (quoting

4

*Tyco Lab'ys, Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980))). Here, the factors weigh heavily in Plaintiffs' favor.

First, Plaintiffs make their motion before the parties have begun preparing for trial—in fact, discovery has been stayed for more than three years. *See Rosenthal*, 217 F. Appx. at 499 (upholding voluntary dismissal without prejudice after close of discovery); *Cogent Solutions*, 2013 WL 6116052, at *6 (finding the first *Grover* factor weighed in favor of the plaintiff, even after the defendant had "expended effort in discovery . . . and in filing several motions," because the plaintiff moved "well before trial").

Second, Plaintiffs have been diligent and have not excessively delayed in filing this motion. Plaintiffs filed this motion just 7 days after the Supreme Court decision in *Jackson Women's Health Organization*. Moreover, Plaintiffs have been diligent in prosecuting this case, proposing in September 2020 to file a motion for summary judgment only 45 days after the Court's order approving a briefing schedule. Dkt #73. This case thus stands in sharp contrast with those cases in which federal courts have denied voluntary dismissal without prejudice based in part on the plaintiff's lack of diligence. *See, e.g.*, *Dunlap v. Sevier Cnty.*, No. 20-6216, 2021 WL 3123914, at *6 (6th Cir. July 23, 2021) (affirming district court's denial of voluntary dismissal without prejudice where the plaintiff failed to seek discovery and was requesting dismissal as an alternative means to obtain scheduling relief); *Grover*, 33 F.3d at 719 (reversing voluntary dismissal without prejudice after plaintiffs had litigated the case for five years, requested certification to the state supreme court on the basis that certification would be dispositive of the case, and then sought to dismiss after receiving an unfavorable ruling from the state supreme court).

5

Third, Plaintiffs' reason for seeking dismissal is reasonable. The Supreme Court's decision in *Jackson Women's Health Organization* has effected a sea change in federal constitutional law governing abortion. Plaintiffs assert two federal constitutional claims in this matter and there are no state-law claims pending.

Finally, although Defendants moved for summary judgment in the alternative to their motion for judgment on the pleadings, this factor is not determinative. *See, e.g. Hicks v. City of Cincinnati*, No. 1:20-CV-641, 2022 WL 900656, at *2 (S.D. Ohio Mar. 28, 2022) (granting plaintiff's motion to dismiss without prejudice while defendant's motion for summary judgment was pending).

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for voluntary dismissal without prejudice pursuant to Rule 41(a)(2).

July 1, 2022                                                                    Respectfully submitted,

/s/ B. Jessie Hill
B. Jessie Hill #0074770
Trial Attorney for Plaintiffs
Cooperating Counsel for the American Civil
Liberties Union of Ohio Foundation
American Civil Liberties Union of Ohio
4506 Chester Ave.
Cleveland, OH 44103
(216) 368-0553
(216) 368-2086 (fax)

ALAN E. SCHOENFELD (pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800

ALLYSON SLATER (pro hac vice)
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, MA 02109
(617) 526-6000

MELISSA COHEN (pro hac vice)
PLANNED PARENTHOOD
FEDERATION OF AMERICA
123 William Street, Floor 9
New York, NY 10038
(212) 541-7800
(212) 247-6811 (fax)

*Counsel for Plaintiffs Planned Parenthood Southwest Ohio Region, Planned Parenthood of Greater Ohio, Sharon Liner, M.D.,
Women's Med Group Professional Corporation*