IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PLANNED PARENTHOOD** **SOUTHWEST OHIO REGION**, *et al.*, | : : : | |
| Plaintiffs, | : : | Case No. 1:19-cv-00118 |
| v. | : : | JUDGE MICHAEL R. BARRETT |
| **OHIO ATTORNEY GENERAL** **DAVE YOST**, *et al.*, | : : : | |
| Defendant. | : : | |

**DEFENDANTS' OPPOSITION TO DISMISSAL WITHOUT PREJUDICE**

The outcome in this case is obvious, so defendants are entitled to judgment as a matter of law, and thus entitled to judgment on the pleadings. *See* Defendants' Motion for Judgment on the Pleadings, DE 87. Plaintiffs' complaint seeks relief on one basis: they argue that the challenged law, Ohio R.C. §2919.15, violates the right to abortion recognized in *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pennsylvania v. Casey*, 505 U.S. 833, 1002 (1992). Compl., R.1, PageID#14. But the Supreme Court overruled both cases, holding that there is no constitutional right to an abortion. *See Dobbs v. Jackson Women's Health Org.*, No. 19-1392, 597 U.S. __ (June 24, 2022). *Dobbs* is now binding precedent. And it forecloses the plaintiffs' argument that Ohio R.C. §2919.15 violates the United States Constitution.

Because defendants have already answered the complaint in this case, it can be dismissed voluntarily only by order of the Court. Fed. R. Civ. P 41(a)(2). Rule 41(a)(2)'s primary purpose is to protect the nonmoving party from unfair treatment. *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir.1994). "In determining whether a defendant will suffer plain legal prejudice, a

court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* However, "[c]ourts readily find plain legal prejudice where dismissal results in stripping a defendant of an absolute defense." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F.App'x 498, 500 (6th Cir.2007). "At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover by Grover,* at 719.

Several of these factors weigh against voluntary dismissal. This case has been pending since February 14, 2019.  And though the litigation has been stayed since June 25, 2019, Section 2919.15 has remained enjoined for over three years. Defendants hired and paid for an expert witness to support their opposition to the preliminary-injunction motion, and incurred attorney's fees at all stages of the litigation. Defendants have diligently litigated this case: opposing the preliminary injunction, answering the complaint, making multiple intervening filings, moving to have the injunction dissolved, and finally moving for judgment. And though plaintiffs state that they have articulated a reason sufficient for dismissal, they say only that the *Dobbs* decision represents a "sea change in the law governing this case." DE 88 at 4. Plaintiffs fail to acknowledge the true effect of that sea change: defendants are entitled to judgment as a matter of law.

If the Court does grant the motion for voluntary dismissal, it must do so "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "The Court has discretion to impose conditions upon a voluntary dismissal without prejudice." *In re Ohio Execution Protocol Litigation*, S.D.Ohio No. 2:11-cv-1016, 2015 U.S. Dist. LEXIS 198579, at *35 (Sep. 24, 2015), citing *Duffy v. Ford Motor Co.*, 218 F.3d 623, 629 (6th Cir. 2000). "The court may convert the proposed dismissal,

sought by [plaintiffs] to be entered without prejudice, into one with prejudice." *August Storck KG v. Nabisco, Inc.*, N.D.Ill. No. 95 C 1446, 1996 U.S. Dist. LEXIS 16143, at *15 (Oct. 28, 1996), citing *Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988). "Moreover, the court may grant a dismissal without prejudice, but require the plaintiff to pay the defendant's costs or fees." *Id.,* citing *United States v. Outboard Marine Corp.*, 104 F.R.D. 405, 413 (N.D. Ill. 1984), aff'd 789 F.2d 497 (7th Cir. 1986).

This Court has three options to ensure dismissal does not unfairly prejudice defendants: dismiss this case without prejudice as plaintiffs request, but award defendants cost and fees; dismiss this case with prejudice; or deny plaintiffs' motion and grant defendants motion for judgment on the pleadings.

This Court should deny the plaintiffs' motion. Instead, the Court should grant defendants a judgment on the pleadings.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Amanda L. Narog*
    AMANDA L. NAROG (0093954)
    Assistant Attorney General
    30 East Broad Street, 17th Floor
    Columbus, Ohio 43215
    T: (614) 995-0326 | F: (855) 669-2155
    Amanda.Narog@OhioAGO.gov

    *Counsel for Defendant Ohio Attorney General*

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2022, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance.

*/s/ Amanda Narog*
AMANDA L. NAROG (0093954)
Assistant Attorney General