UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| Planned Parenthood Southwest Ohio Region, *et al.*, | ) ) ) |
| Plaintiffs, | ) Case No.: 1:19-cv-00118 ) ) Judge Michael R. Barrett |
| vs. | ) ) |
| David Yost, *et al.*, each in their official capacity as well as their employees, agents, and successors, | ) ) ) ) |
| Defendants. | ) |

**ORDER**

This matter is before the Court on Plaintiffs' Motion for Voluntary Dismissal Without Prejudice (filed pursuant to Fed. R. Civ. P. 41(a)(2)) (Doc. 88), which Defendants oppose (Doc. 89).[1] This matter is also before the Court on Defendants' Combined Motion for Judgment on the Pleadings (filed pursuant to Fed. R. Civ. P. 12(c)) (Doc. 87), which Plaintiffs oppose (Doc. 90).[2] For the reasons that follow and in an exercise of its discretion, the Court will GRANT Plaintiffs' Motion.

**I.   BACKGROUND**

On February 14, 2019, Plaintiffs filed a two-count Complaint (Doc. 1) challenging the constitutionality of Ohio Rev. Code § 2919.15, which restricts the performance of

---

[1] Plaintiffs filed a reply in support of their motion. (Doc. 91).

[2] Defendants filed a reply in support of their motion. (Doc. 92).

"dismemberment abortions"[3].[4]  The same day, Plaintiffs moved for a preliminary injunction and/or temporary restraining order.  (Doc. 4).  On March 31, 2019, the Court granted the motion to the extent it sought temporary relief and held in abeyance that portion of the motion seeking a preliminary injunction.  (Doc. 30; *see* Docs. 33, 34).  Following a three-day evidentiary hearing, the Court granted in part Plaintiffs' motion for preliminary injunction on April 18, 2019.  (Doc. 49).  Ohio Attorney General David Yost answered thereafter.  (Doc. 50).  On May 9, 2019, Plaintiffs filed a motion for partial reconsideration (Doc. 55) of the Court's preliminary injunction order, which the Court later denied (Doc. 67).  On June 25, 2019, the Court granted the parties' joint motion to stay discovery, with conditions, pending the outcome of a similar case (concerning Kentucky legislation) before the Sixth Circuit.  (Doc. 63).  Once the panel's decision was released on June 2, 2020, the parties filed a joint motion to postpone any status conference until after the Sixth Circuit's mandate issued, mindful of the possibility that Kentucky might seek *en banc* review.  (Doc. 68).  The Court granted that motion on June 16, 2020.  (Doc. 69).  A status conference eventually was held on August 26, 2020, at which time the parties agreed to submit proposed calendar orders.  (08/26/2020 Minute Entry).  Their proposals were filed simultaneously on September 16, 2020.  (Docs. 72, 73).

---

[3] As the Court has previously noted, "dismemberment abortion" is not a medical term used by physicians; it refers to the dilation and evacuation (D&E) abortion procedure, the most common abortion method then used in Ohio for pre-viability, second trimester abortions.  (*See* Doc. 49 PAGEID 887–88).

[4] Count I alleges that "Ohio Rev. Code Section 2919.15 violates the right of Plaintiffs' patients to liberty and privacy as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, imposing an undue burden on women seeking to terminate a pregnancy before viability." (Doc. 1 (¶ 45)).  Count II alleges that "Ohio Rev. Code Section 2919.15 violates the right of Plaintiffs' patients to bodily integrity as guaranteed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution by, inter alia, forcing women to undergo a separate, invasive and painful procedure that introduces health risks in order to obtain a second-trimester abortion, without adequate justification."  (*Id.* (¶ 47)).

Near the very end of its October Term 2021, the Supreme Court released its decision in *Dobbs v. Jackson Women's Health Org.*, 142 S. Ct. 2228 (2022). *Dobbs* upheld a Mississippi law banning abortion beginning at 15 weeks and, in doing so, expressly overruled *Roe v. Wade*, 410 U.S. 113 (1973) and *Planned Parenthood of Southeastern Pa. v Casey*, 505 U.S. 833 (1992), the cases on which the Court relied to enter injunctive relief.[5] Ohio Attorney General David Yost followed with an emergency motion the same day (June 24, 2022) to dissolve the April 18, 2019 preliminary injunction order and dismiss the case. (Doc. 83). After allowing Plaintiffs an opportunity to respond, the Court issued an order—also the same day—dissolving the injunction but declining to dismiss the case. (Doc. 86).

On behalf of all Defendants, Yost filed the instant motion for judgment on the pleadings on June 30, 2022. Plaintiffs filed their motion for voluntary dismissal on July 1, 2022.

## II. LAW & ANALYSIS

Plaintiffs seek a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), which provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." And "[u]nless the order states otherwise, a dismissal under this paragraph . . . is without prejudice." *Id.* The "primary" purpose of requiring court approval "is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly and Co.*, 33 F.3d 716, 718 (6th Cir. 1994). A court must consider whether a

---

[5] "We hold that *Roe* and *Casey* must be overruled. The Constitution makes no reference to abortion, and no such right is implicitly protected by any constitutional provision, including the one on which the defenders of *Roe* and *Casey* now chiefly rely—the Due Process Clause of the Fourteenth Amendment." *Dobbs*, 142 S. Ct. at 2242. "It is time to heed the Constitution and return the issue of abortion to the people's elected representatives." *Id.* at 2243.

defendant will suffer "plain legal prejudice" as a result of a dismissal without prejudice, "as opposed to facing the mere prospect of a second lawsuit." *Id.* (citing *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)). Relevant factors include the defendant's effort and expense of preparation for trial, excessive delay and a lack of diligence on the plaintiff's part in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether the defendant has filed a summary judgment motion. *Grover*, 33 F.3d at 718. "The *Grover* factors are not an exclusive or mandatory list." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 F. App'x 498, 502 (6th Cir. 2007) (citation omitted). They are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Id.* (cleaned up). *See Walther v. Florida Tile, Inc.*, 776 F. App'x 310, 315 (6th Cir. 2019) ("The *Grover* factors are neither exhaustive nor conclusive.").

Here, the *Grover* factors favor Plaintiffs. It is true that the Ohio Attorney General vigorously (albeit unsuccessfully) defended against the entry of injunctive relief. However, discovery has been stayed since June 25, 2019[6] such that no party has expended effort and incurred expense to prepare for *trial*.[7] *Cogent Solutions Group, LLC v. Brown*, No. 2:12-CV-665, 2013 WL 6116052, at *6 (S.D. Ohio Nov. 20, 2013) (first factor "ticks in favor" of plaintiff even though defendant "expended effort in discovery . . . and in filing several motions[ ]" because voluntary dismissal motion filed "well before trial"). Second, Plaintiffs have diligently prosecuted this case and met all deadlines. *Cf. Dunlap v. Sevier Cnty.*, No. 20-6216, 2021 WL 3123914, at *6 (6th Cir. July 23, 2021)

---

[6] (*See* Doc. 63).

[7] It is noteworthy that Defendant Yost's proposed calendar referenced the need for him to prospectively engage in "fulsome" discovery. (Doc. 72 PAGEID 1705).

(affirming district court's denial of voluntary dismissal without prejudice when plaintiff's counsel failed to seek discovery and sought dismissal as a means to secure "scheduling relief" that had been previously denied). They even proposed in September 2020 to file a motion for summary judgment based on the record compiled at the preliminary injunction stage and Sixth Circuit law then in effect. (*See* Doc. 73). Moreover, Plaintiffs solicited the Ohio Attorney General's consent (on June 29, 2022) to a voluntary dismissal and—upon his refusal—filed their motion (on July 1, 2022), all within a week of the *Dobbs* decision release.[8]

Third, Plaintiffs' reason for requesting voluntary dismissal is more than sufficient. *Dobbs* most certainly "has effected a sea change[9] in federal constitutional law governing abortion." (Doc. 88 PAGEID 1842); *see Dobbs*, 142 S. Ct. at 2316 ("The Court's decision to overrule *Roe* and *Casey* is a serious jolt to the legal system—regardless of how you view those cases.") (Roberts, C.J., concurring in judgment). Moreover, as Plaintiffs point out, this change in federal constitutional law "came at no expense or effort" on the part of Defendants, unlike the facts in *Grover*. (*See* Doc. 90 PAGEID 1851). Defendants counter that it is "immaterial" that the change in law "came at no expense or effort" on their part. (*See* Doc. 92 PAGEID1860). They argue, additionally, that the result in *Grover* was not fact dependent. (*Id.*). The undersigned disagrees.

---

[8] (*See* Doc. 90 PAGEID 1848).

[9] The Ohio Attorney General is dismissive of this argument. (*See* Doc. 89 PAGEID 1845 ("Plaintiffs fail to acknowledge the true effect of that sea change: defendants are entitled to judgment as a matter of law."). Yet in September 2020, arguing in favor of the need to engage in prospective "fulsome" discovery, Defendant Yost himself relied on a different sea change. (Doc. 72 PAGEID 1705 ("Finally, abortion jurisprudence underwent a sea change with the Supreme Court's issuance of *June Medical Services[ ] v. Russo*, 140 S. Ct. 2103 (2020), just after the Sixth Circuit's decision in *EMW [Women's Surgical Center v. Meier*, 960 F.3d 785 (6th Cir. 2020)]."). Suffice it to say, these waters have been anything but smooth.

The *Grover* case, filed originally in state court, was removed by the defendant to federal district court on the basis of diversity jurisdiction. Five years later, the defendant filed a summary judgment motion arguing that Ohio "does not recognize a cause of action based upon preconception tortious conduct alleged to have resulted in birth defects to a child." *Grover*, 33 F.3d at 717. More than a year later, the plaintiffs asked the district court to certify to the Ohio Supreme Court the question of whether "Ohio recognizes such a cause of action." *Id.* The defendant opposed the motion to certify, which the district court nevertheless granted. *Id.* As noted by the Sixth Circuit, "[b]oth the district court and the Grover plaintiffs anticipated than an answer in defendant's favor would be **dispositive** of the case." *Id.* (emphasis added). After the Ohio Supreme Court held that Ohio did *not* recognize this tort, the district court dismissed the case without prejudice. *Id.* The Sixth Circuit determined that the district court abused its discretion in this regard:

> The Grover lawsuit was initiated in December 1983. After litigating the case for five years, the Grover plaintiffs requested the certification of the question of whether their cause of action exists, assuring the district court that "the resolution of this issue of law will be determinative of this cause." Defendant resisted certification, but was then forced to invest more time and money presenting the legal issue to the Ohio Supreme Court. In view of the extra delay and expense experienced by defendant, and plaintiffs' defeat on the "determinative" legal issue certified to the Ohio Supreme Court, the district court's order manifestly burdened defendant with clear legal prejudice.

*Id.* at 718. After a recitation of these circumstances, the Sixth Circuit *then* observed that "[a]t the point where the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719. More justification for its abuse-of-discretion ruling followed:

> We are particularly troubled by the manner in which the district court utilized the certification process. It its request for certification

6

of the preconception tort issue, the district court assumed that an answer in favor of defendant would be determinative of the lawsuit. When the issue was decided adversely to plaintiffs, the district court ignored the binding effect of the Ohio Supreme Court's majority opinion in *Grover*, apparently concluding that the 4–3 split on the Court heralded the possibility that Ohio law could change in the future, and that plaintiffs should be able to take advantage of any such change.

. . . .

Having represented to the Ohio Supreme Court that its answer would be dispositive of the case, the district court was bound to follow state law as declared in the answer. Defendant was entitled to judgment on any claims based upon the cause of action disposed of by the Ohio Supreme Court.

*Id*. at 719.

Allowing Plaintiffs to dismiss this civil action without prejudice is not unfair. At no point in this litigation (prior to the release of *Dobbs*) has the Ohio Attorney General argued that Plaintiffs' challenge to the constitutionality of Ohio Rev. Code § 2919.15 should be rejected because there is no federal right to pre-viability abortion. This separates him from the defendant in *Grover*. Defendant Yost has instead serendipitously landed on the right side of a watershed Supreme Court decision.[10]

Lastly, the Ohio Attorney General argues that the Court should condition a dismissal without prejudice on Plaintiffs' payment of his costs and attorneys' fees. (*See* Doc. 89 PAGEID 1846; Doc. 92 PAGEID 1860). The Court will decline to do so.

---

[10] Fourth, and finally, although almost a gratuitous observation at this point, while a motion for judgment on the pleadings has been filed, no motion for summary judgment is pending, yet another fact that favors Plaintiffs. *Walther*, 776 F. App'x at 316 & n.2 ("This court has yet to rule whether motions for judgment on the pleadings are analogous to motions for summary judgment as referenced in the *Grover* factors."); *cf. Hicks v. City of Cincinnati*, No. 1:20cv641, 2022 WL 900656, at *2 (S.D. Ohio Mar. 28, 2022) (granting plaintiff's motion to dismiss without prejudice while defendant's motion for summary judgment was pending).

Courts often impose costs on plaintiffs who are granted leave to voluntarily dismiss without prejudice, but Sixth Circuit has not held that an award of costs is mandatory. *Wakefield v. Children's Hosp., Inc.*, No. 2:06-cv-01034-EAS-MRA, 2009 WL 588021, at *3 (S.D. Ohio Mar. 6, 2009) (citing *DWG Corp. v. Granada Investments, Inc.*, 962 F.2d 1201, 1202 (6th Cir. 1992)); *Luckey v. Butler Cnty.*, No. 1:05CV388, 2006 WL 91592, at *4 (S.D. Ohio Jan. 13, 2006) (citing *DWG Corp.*, "the Sixth Circuit has emphasized that cost awards are discretionary, not mandatory").  There is no "fixed test" to decide whether to award costs and fees following a Rule 41(a)(2) dismissal.  *Can IV Packard Square, LLC v. Schubiner*, 768 F. App'x 308, 313 (6th Cir. 2019).  However, four factors can guide a district court to discern the "equities at play[.]"  *Id.*  They are: "(1) whether the plaintiff acted in good faith in bringing and prosecuting the litigation; (2) whether the defendant incurred substantial expenses in defending the action; (3) whether the plaintiff delayed in bring the motion to dismiss; and (4) whether the work performed can be used in a subsequently filed action."  *Id.* at 312.

The Court determines that Plaintiffs brought this challenge to the Ohio statute restricting "dismemberment abortions" in good faith, advancing claims supported at the time by 50 years of federal precedent.  They have diligently and expeditiously litigated this lawsuit, aiming to preserve the parties'—as well as the Court's—resources when possible.  The Ohio Attorney General has not been required (post entry of the April 18, 2019 preliminary injunction) to incur expense in advancing discovery or preparing for trial.  Plaintiffs moved for voluntary dismissal within one week of the release of the decision in *Dobbs*, having sought Defendant Yost's consent two days prior.  Finally, the Court sees no reason why the work performed by the Ohio Attorney General will not later serve him

8

in any subsequent state litigation regarding Ohio Rev. Code § 2919.15. In the Court's view, the "equities at play" do not require Plaintiffs to pay their opponent's costs and attorneys' fees (a departure from the traditional American rule) as a condition to a dismissal without prejudice. *See, e.g., Setty v. Village of Russellville*, No. 1:20-cv-476, 2022 WL 899692, at *5–6 (S.D. Ohio Mar. 28, 2022) (granting plaintiff's motion for voluntary dismissal without prejudice and, applying the same four factors, declining to impose costs and legal fees).

### III. CONCLUSION

Plaintiffs' Motion (Doc. 88) is **GRANTED**. This civil action is hereby **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 41(a)(2), with no conditions. Defendants' Combined Motion for Judgment on the Pleadings (Doc. 87), therefore, is **DENIED AS MOOT**. This matter is **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

/s/ *Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court